# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRIOS KASTIS,<br><br>        Plaintiff,<br><br>    v.<br><br>JOE ALVARADO, et al.,<br><br>        Defendants. | Case No. 1:18-cv-01325-DAD-BAM<br><br>ORDER DIRECTING PLAINTIFF TO FILE CONSOLIDATED AMENDED COMPLAINT<br><br>**THIRTY-DAY DEADLINE** |

        Plaintiff Dimitrios Kastis ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 20, 2019, the district court determined that because this action involved the same or similar parties, claims, and questions of fact or law, it should be consolidated with Plaintiff's later filed actions in Case Nos. 1:18-cv-01378-DAD-BAM, 1:18-cv-01430-DAD-BAM, 1:18-cv-01457-DAD-BAM, and 1:18-cv-01521-DAD-BAM.

        Plaintiff's complaints, which allege that various defendants deprived him of his civil rights in their criminal prosecutions of Plaintiff in state and federal court, are subject to an initial screening. The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). A complaint, or any portion thereof, is subject to dismissal if it

is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

Due to the recent consolidation, and in the interests of efficiency and judicial economy, Plaintiff shall be required to file a single, consolidated, amended complaint in this action.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. at 1948-49 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a single amended, consolidated complaint;

2. Plaintiff shall clearly identify the amended complaint as "First Amended Complaint" and refer to the case number; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action for failure to obey a court order.

IT IS SO ORDERED.

Dated: **April 2, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE