UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRIOS KASTIS,<br><br>    Plaintiff,<br><br>    v.<br><br>JOE ALVARADO, et al.,<br><br>    Defendants. | No. 1:18-cv-01325-DAD-BAM<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART<br><br>(Doc. No. 40) |

This matter is before the court on a motion to dismiss certain claims from plaintiff Dimitrios Kastis' third amended complaint ("TAC") brought on behalf of defendants Joe Alvarado, Matt Basgall, and the City of Clovis ("the City") (collectively, "defendants"). (Doc. No. 40.) Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 outbreak, the motion was taken under submission for decision on the papers. (Doc. No. 41.) The court has considered the parties' briefs, and for the reasons set forth below, will grant defendants' motion to dismiss in part.

**BACKGROUND**

In his TAC, plaintiff alleges as follows. The Clovis Police Department ("CPD") is an agency of the City. (Doc. No. 39 ("TAC") at ¶ 7.) Defendant Alvarado was at all relevant times a CPD officer who "participated in the arrest, investigation and imprisonment of Plaintiff." (*Id.* at ¶ 8.) Defendant Basgall was the Chief of Police for the City, although it is not clear from plaintiff's allegations whether he served as the Chief of Police at all relevant times. (*Id.* at ¶ 9.)

On June 9, 2007, after receiving an anonymous report from a woman claiming that a neighbor had kissed a nine-year old girl, CPD initiated a child molestation investigation of which plaintiff was the target. (*Id.* at ¶ 16.) On July 5, 2007, a search warrant for plaintiff's apartment was sought and obtained from a judge of the Fresno County Superior Court based on an affidavit prepared by defendant officer Alvarado. That affidavit stated as follows: (1) CPD received a report that plaintiff had invited three minor females into his apartment for candy and Gatorade and then blocked one of them (identified in the TAC as "CV1") in the doorway and quickly kissed her five times; (2) CV1 had previously seen plaintiff purposely grab another girl's buttocks (identified in the TAC as "CV2") while they were playing soccer; (3) plaintiff had allegedly touched CV2's buttocks intentionally while they were swimming in the apartment complex pool; (4) CV2 reported that plaintiff had previously invited her to get candy from a bowl in his apartment and allegedly placed his hands over her shoulders and onto her chest; and (5) plaintiff had previously taken a photograph of CV2 while she was wearing her bathing suit and allegedly used that photograph as a screensaver on his computer. (*Id.* at ¶ 17.) The warrant that ultimately issued based on defendant Alvarado's affidavit "authorized the search of Plaintiff's apartment for various items including: Computer systems located in the residence; a candy bowl; . . . and a digital camera." (*Id.* at ¶ 18.) Defendant Alvarado's affidavit also set forth his opinions based on his training and experience as to individuals who produce, trade, distribute, and/or possess child pornography. (*Id.*) Based on those opinions, the warrant "broadly listed the following additional property to be searched for and seized," including "[a]ll electronic processing and storage devices, computers and computer systems" and "photos and other records which depict possession/sales of stolen property." (*Id.*) On July 5, 2007, CPD executed the search warrant and plaintiff was arrested and charged in the Fresno County Superior Court with annoying or molesting a child in violation of the California Penal Code. (*Id.* at ¶¶ 15, 19.)

On August 4, 2008, while plaintiff was in local custody, a federal criminal complaint was filed against him in this United States District Court, charging him with possession and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (a)(4). (*Id.* at ¶ 20.) The federal criminal complaint was based on evidence seized pursuant to the state court issued

search warrant of July 5, 2007. (*Id.*) On August 14, 2008, plaintiff was indicted by a federal grand jury on the same charges alleged in the federal criminal complaint. (*Id.*)

On April 6, 2016, almost nine years after his arrest, the charges brought against plaintiff in the Fresno County Superior Court were dismissed. (*Id.* at ¶ 21.) On April 7, 2016, plaintiff appeared in his federal criminal case and moved to suppress the evidence that had been seized pursuant to the warrant issued by the state court on July 5, 2007. (*Id.* at ¶¶ 21, 22.) On August 30, 2018, the undersigned granted plaintiff's motion to suppress, finding that the search warrant was issued based on false and misleading statements and omissions made by defendant Alvarado in his affidavit supporting his request for the warrant, in violation of *Franks v. Delaware*, 438 U.S. 154 (1978). (*Id.* at ¶ 28.) Following the suppression of all evidence seized pursuant to that search warrant, which the court found had been tainted by the *Franks* violation, the federal charges against plaintiff were dismissed on September 7, 2018. (*Id.*)

On September 26, 2018, plaintiff commenced this civil action brought pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff filed his TAC on June 2, 2020. (TAC.) In his TAC plaintiff asserts the following causes of action: (1) a *Franks* claim alleging judicial deception in violation of the Fourth Amendment against defendant Alvarado; (2) an unreasonable search and seizure claim in violation of the Fourth Amendment against defendant Alvarado; (3) Fourteenth Amendment due process claims against defendant Alvarado for fabrication of evidence and against defendants Alvarado and Basgall for failure to disclose evidence; (4) a municipal liability claim against the City; and (5) a supervisory liability claim against defendant Basgall. (*Id.* at ¶¶ 36–72.)

On June 16, 2020, defendants filed the pending motion to dismiss certain claims asserted in the TAC. (Doc. No. 40.) The court had previously concluded that plaintiff plausibly alleged a Fourth Amendment judicial deception claim against defendant Alvarado. (*See* Doc. No. 38 at 4–8.) The pending motion therefore seeks only the dismissal of plaintiff's remaining four claims alleged in the TAC.

On July 7, 2020, plaintiff filed his opposition to the pending motion to dismiss, and on July 14, 2020, defendants filed their reply thereto. (Doc. Nos. 43, 44.)

3

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). A dismissal may be warranted where there is "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989), *abrogated on other grounds by DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117 (9th Cir. 2019). However, the court will not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Federal Rule of Civil Procedure 8(a) does not require detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 676. A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

**ANALYSIS**

**A.    Fourth Amendment Unreasonable Search and Seizure Claim Against Defendant Alvarado**

Plaintiff alleges that the search warrant "is unconstitutionally broad, contains false statements and lacks probable cause" because it authorized the seizure of all computers and digital media, as well as evidence relating to the possession of child pornography, "even though Alvarado's affidavit did not contain any facts to support probable cause to believe that child

pornography would be found." (TAC at ¶ 44.)  Plaintiff contends that defendant Alvarado similarly had no basis to believe that stolen property would be found in his apartment but that the search warrant nevertheless authorized the seizure of stolen property.  (*Id.*)  Defendant Alvarado moves to dismiss plaintiff's unreasonable search and seizure claim, contending that even with the removal of the allegedly false statements from his affidavit, the search warrant "still contains facts establishing probable cause that Kastis was sexually molesting young girls on the soccer team he coached and was in possession of child pornography . . . ."  (Doc. No. 40-1 at 7.)[1]

Defendant Alvarado's argument is unavailing.  The court has previously determined that plaintiff plausibly asserted a cognizable judicial deception claim by alleging that defendant Alvarado made misrepresentations in, and omitted material facts from, his search warrant affidavit "and that those misrepresentations and omissions were material to the reviewing state court judge's *probable cause* determination."  (Doc. No. 38 at 7) (emphasis added).[2]  It stands to reason that if plaintiff has plausibly alleged a judicial deception claim against defendant Alvarado, then he has also plausibly alleged that the search of his apartment and the seizure of his computer—the fruits of the tainted search warrant obtained—were unreasonable.  *See Hervey v.*

---

[1] The TAC does not allege that any of the minors that plaintiff was alleged to have molested were players on a soccer team that he coached.  Throughout their motion to dismiss, defendants rely on this and other facts that were not alleged in the TAC. (*See generally* Doc. No. 40-1.)  The court previously admonished defendants' counsel that at the motion to dismiss stage the court generally does not consider facts other than those alleged in the complaint. (Doc. No. 38 at 4 n.2.)

[2] The alleged misrepresentations were:  "(1) that CV1 walked into plaintiff's apartment when, in fact, CV1 reported to law enforcement that she had 'tripped into the apartment'; (2) that CV1's mother advised law enforcement that CV1 had told her that plaintiff had cornered her in his apartment's doorway and kissed her on the mouth five times when, in fact, this statement was relayed . . . by CV1 herself; (3) that CV2 stated that plaintiff had taken several photos of her in a bathing suit . . . when, in fact, during her interview with law enforcement, CV2 had only reported a single photo taken of her in a bathing suit by plaintiff; and (4) that CV2 stated that plaintiff 'always touches her butt when they go swimming in the apartment complex pool' when, in fact, CV2 only reported that plaintiff had touched her buttocks on one occasion while swimming." (Doc. No. 38 at 6) (citation omitted).  The alleged omissions were:  "(1) that a law enforcement officer felt that CV1 was being deceptive about how she entered plaintiff's apartment; (2) that CV2 stated that, on one occasion, she had jumped on plaintiff's back; (3) that neither CV1 nor her parents made a complaint to the police; (4) the 'inconsistencies . . . regarding the date of the alleged kissing incident,' . . . ; and (5) that CV1 had told law enforcement that 'CV2 and her sister had thrown dirt and strawberries at Plaintiff's door.'" (*Id.*) (citations omitted).

*Estes*, 65 F.3d 784, 789 (9th Cir. 1995) (to allege a judicial deception claim, a plaintiff must allege that "without the dishonestly included or omitted information, the magistrate would not have issued the warrant. Put another way, the plaintiff must establish that the remaining information in the affidavit is insufficient to establish *probable cause*") (emphasis added), *as amended on denial of reh'g* (Dec. 5, 1995); *see also United States v. Stanley*, 545 F.2d 661, 665 (9th Cir. 1976) ("In the absence of probable cause or consent, th[e] search violated the petitioner's Fourth Amendment right to be free of 'unreasonable searches and seizures.'").

Therefore, defendant Alvarado's repeated contention that there was reasonable suspicion and/or probable cause at the time the search warrant issued to believe that plaintiff had committed lewd or lascivious acts on a child misses the mark. (*See, e.g.*, Doc. No. 40-1 at 7–9.) Plaintiff's unreasonable search and seizure claim is not premised on an alleged lack of reasonable suspicion or probable cause to believe that he was molesting minors at the time the warrant issued. Rather, plaintiff contends that defendant Alvarado lacked probable cause to seek a warrant as broad as the one that was ultimately issued and that authorized the seizure of his computer, which in reality was aimed at discovery of child pornography. (TAC at ¶¶ 44, 45.) Defendant Alvarado counters, without citation to any authority, that the facts supporting a determination that plaintiff was molesting minors also establishes probable cause that he possessed child pornography. (Doc. No. 40-1 at 7; *see also* Doc. No. 44 at 6.)[3] The Ninth Circuit, however, has squarely disagreed with such an argument and has held that "a warrant predicated on the bare inference that those who molest children are likely to possess child pornography . . . alone, does not establish probable

---

[3] Defendant Alvarado argues that the fact that plaintiff took a picture of one of the alleged minor victims in a bikini and then used that picture as his screensaver provides probable cause to believe that his computer contained child pornography. (Doc. No. 40-1 at 8.) However, the mere taking of a photograph—when there is no suggestion that the photograph was lewd or lascivious— cannot suffice as probable cause to believe that plaintiff was in possession of child pornography. *See United States v. Doyle*, 650 F.3d 460, 473 (4th Cir. 2011) ("The mere presence of nudity in a photograph, even child nudity, does not constitute child pornography . . .. Instead, the picture must contain a 'lewd exhibition' of nudity.. . . [N]othing in the affidavit supports a belief that the alleged pictures showed a 'lewd exhibition of nudity' . . .. The affidavit therefore lacked probable cause to justify a search . . . for child pornography."). Here, the minor in the single photograph was not nude but in a bathing suit, and there is no suggestion that the photograph was in any way lewd or lascivious.

cause to search a suspected child molester's home for child pornography." *United States v. Needham*, 718 F.3d 1190, 1195 (9th Cir. 2013); *see also United States v. Perkins*, 850 F.3d 1109, 1120–21 (9th Cir. 2017) (holding that absent any explanation of why defendant's prior child molestation conviction made it more likely that he possessed child pornography, the prior conviction did not support probable cause for child pornography warrant); *Dougherty v. City of Covina*, 654 F.3d 892, 899 (9th Cir. 2011) ("Officer Bobkiewicz's conclusory statement tying this 'subject,' alleged to have molested two children and looked inappropriately at others, to 'having in [his] possession child pornography' is insufficient to create probable cause here."); *United States v. Weber*, 923 F.2d 1338, 1344–45 (9th Cir. 1991) (holding that conclusory statements about the habits of "child molesters," "pedophiles," and "child pornography collectors," coupled with evidence that on one occasion the defendant had ordered but never picked up child pornography, was insufficient to establish probable cause).

Accordingly, defendant Alvarado's motion to dismiss plaintiff's unreasonable search and seizure claim against will be denied.

**B.     Fourteenth Amendment Due Process Claim Against Defendants Alvarado and Basgall**

Defendant Alvarado next moves to dismiss plaintiff's due process claims alleging that he fabricated evidence and failed to disclose exculpatory evidence. (*Id.* at 10–14.) Similarly, defendant Basgall moves to dismiss plaintiff's due process claim alleging that he, too, failed to disclose exculpatory evidence. (*Id.*)

    1.    Fabrication of Evidence

As an initial matter, plaintiff's fabrication of evidence claim will be dismissed because he asserts it for the first time in his TAC, thereby exceeding the scope of the limited leave to amend that the court granted him when it dismissed certain claims from his second amended complaint to cure specific deficiencies noted in those claims. (*See generally* Doc. No. 38); *see also DeLeon v. Wells Fargo Bank, N.A.*, No. 10-cv-01390-LHK, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010) ("[W]here leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be

7

1   dismissed or stricken."). However, even if the court were to reach the merits of plaintiff's new
2   deliberate fabrication of evidence claim, the court finds that he has failed to allege sufficient facts
3   to plausibly allege such a claim.
4       "To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the
5   defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the
6   plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). As to the
7   first element, given that the court has previously determined that plaintiff plausibly asserted a
8   cognizable judicial deception claim by alleging that defendant Alvarado, either intentionally or
9   with reckless disregard for the truth, made misrepresentations in and omitted material facts from
10  his search warrant affidavit, the court finds that the TAC plausibly alleges that defendant
11  Alvarado deliberately fabricated evidence. *See Spencer*, 857 at 793 ("Deliberate fabrication can
12  be shown by direct evidence, for example, when 'an interviewer . . . deliberately mischaracterizes
13  witness statements in her investigative report.'") (quoting *Costanich v. Dep't of Soc. & Health
14  Servs.*, 627 F.3d 1101, 1111 (9th Cir. 2010)).
15      As to the second element of such a claim, however, the court finds that plaintiff has not
16  alleged facts that plausibly allege that the allegedly fabricated evidence *caused* his deprivation of
17  liberty. To establish causation, a plaintiff must prove that "(a) the act was the cause in fact of the
18  deprivation of liberty, meaning that the injury would not have occurred in the absence of the
19  conduct; and (b) the act was the 'proximate cause' or 'legal cause' of the injury . . .." *Spencer*,
20  857 F.3d at 798. Here, plaintiff's TAC is entirely bereft of *any* factual allegations plausibly
21  suggesting that defendant Alvarado's materially misleading false statements in and omissions
22  from his search warrant affidavit caused plaintiff's deprivation of liberty or injury. Plaintiff
23  merely alleges that violations of his rights "led to pre-trial incarceration of over 10 years before
24  all charges were dismissed." (TAC at ¶ 1.) He does not allege that absent the allegedly
25  fabricated evidence he would not have been detained, or that he would not have been detained for
26  as long. Although plaintiff has plausibly alleged that the warrant, as issued, was overbroad
27  because defendant Alvarado had no basis to believe that he was in possession of child
28  pornography, he was not ordered detained by the state court due to his alleged possession of child

pornography. Rather, plaintiff "was arrested and charged in the Fresno County Superior Court with *annoying or molesting a child*" and after he "was held to answer to the charges, [he was] . . . ordered detained" on *those* state charges. (TAC at ¶¶ 19, 20) (emphasis added). Notably, plaintiff does not contend that defendant Alvarado lacked probable cause to believe that he had been annoying or molesting minors. Indeed, the allegations in the TAC suggest that even absent the allegedly false and misleading statements and omissions in defendant Alvarado's affidavit, there remained probable cause to believe that plaintiff Kastis had done so in violation of California Penal Code § 647.6(a), or had engaged in lewd or lascivious acts on a child, in violation of California Penal Code § 288(a). (*See* footnote 2, above.)

Accordingly, the court will grant defendant Alvarado's motion to dismiss plaintiff's fabrication of evidence claim without leave to amend.[4]

### 2. Failure to Disclose Exculpatory Evidence

Plaintiff also asserts claims against defendants Alvarado and Basgall for failure to disclose exculpatory evidence.[5] Plaintiff alleges that as a result of defendants' failures to disclose

---

[4] "Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted." *Torres v. Nationstar Mortg. LLC*, No. 16-cv-302-JFW-SP, 2016 WL 10988576, at *2 (C.D. Cal. Apr. 8, 2016). Although plaintiff's fabrication of evidence was alleged for the first time in his TAC, since the beginning of this action in 2018, he has alleged that defendant Alvarado fabricated evidence. (*See generally* Doc. Nos. 1, 11, 19, 39.) The allegations with respect to fabrication of evidence in the original complaint and each amended complaint thereafter have not been sufficient to plausibly allege that defendant Alvarado fabricated evidence. The court, therefore, finds that granting plaintiff further leave to amend in this regard would "be an exercise in futility." *Torres*, 2016 WL 10988576, at *2. Moreover, and as discussed above, plaintiff should not have even asserted this claim in TAC, since it exceeds the scope of the court's prior grant of leave to amend.

[5] In his second amended complaint, plaintiff had asserted a claim based upon the alleged suppression of exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). (Doc. No. 19 at 19–21.) The court granted defendants' motion to dismiss that claim without leave to amend, noting that because plaintiff was never convicted of the crimes he was charged with in either state or federal court, he could not maintain a § 1983 claim based on an alleged *Brady* violation. (Doc. No. 38 at 11.) Nonetheless, the court granted plaintiff leave to amend to attempt to assert a due process claim alleging a failure to disclose exculpatory information pursuant to the Ninth Circuit's decision in *Tatum v. Moody*, 768 F.3d 806 (9th Cir. 2014). (*See id.* at 10 n.5.) Although not explicitly alleged in the TAC, it appears that plaintiff is asserting his claims against defendants Alvarado and Basgall for failure to disclose exculpatory information pursuant to *Tatum*. (*See, e.g.*, TAC at ¶¶ 49, 50; *see also* Doc. No. 43 at 13–15.)

9

exculpatory evidence, he was unjustifiably held in pretrial detention for a prolonged period of time. (TAC at ¶¶ 48–52.)

The Ninth Circuit has held that "[w]here . . . investigating officers, acting with deliberate indifference or reckless disregard for a suspect's right to freedom from unjustified loss of liberty, fail to disclose potentially dispositive exculpatory evidence to the prosecutors, leading to the lengthy detention of an innocent man, they violate the due process guarantees of the Fourteenth Amendment." *Tatum v. Moody*, 768 F.3d 806, 816 (9th Cir. 2014). In *Tatum*, the investigating officers' failed to inform the prosecutor that "they knew, before [defendant] Walker was bound over for trial, that additional demand-note robberies, perpetrated with the same distinctive modus operandi as those for which Walker was being held, had occurred in the same part of Los Angeles after Walker was in police custody." *Id.* at 809. The Ninth Circuit held that the "natural consequence" of the investigating officers' conduct

> was that Walker remained in detention until the exculpatory information was disclosed to the prosecutors and then to Walker's lawyers. [The investigating officers] enhanced the likelihood of that outcome because they not only failed accurately to disclose the continuation of the crime spree after Walker's arrest, they affirmatively misrepresented the truth as to that fact in reports on which the prosecutors and defense counsel relied, writing that the robberies ended with Walker's removal from the streets; they also failed to report [the other suspect's] arrest for the later robberies. In this sense, [the investigating officers] "concealed from the prosecutors, and misrepresented to them, facts highly material to— that is, facts likely to influence—the decision whether to prosecute [Walker] and whether (that decision having been made) to continue prosecuting him." *Jones v. City of Chicago*, 856 F.2d 985, 993 (7th Cir. 1988).

*Id.* at 817.

Here, the court finds that plaintiff has failed to plausibly allege a due process claim pursuant to the decision in *Tatum* because he does not allege that defendant Basgall was one of the officers involved in the investigation of him,[6] and does not allege what *exculpatory* information defendant Alvarado *withheld from prosecutors*. To the extent that plaintiff is arguing

---

[6] In fact, as noted above, while the TAC alleges that defendant Basgall "was the Chief of Police for the City of Clovis" (TAC at ¶ 9), plaintiff does not specify *when* defendant Basgall was the Chief of Police, let alone that he was the Chief of Police during any portion of CPD's investigation of plaintiff.

10

that the inconsistencies between the alleged victims' interview statements and defendant Alvarado's statements in his affidavit constitute exculpatory information, the court is unpersuaded by that argument.  Setting aside that plaintiff provides no authority or persuasive analysis in support of his argument in this regard, the Ninth Circuit in *Tatum* "emphasize[d] the narrowness of" its holding, "which is restricted to detentions . . . caused by the investigating officers' failure to disclose *highly significant exculpatory evidence to prosecutors . . . .*" 768 F.3d at 819 (emphasis added).  Here, the inconsistencies between the investigative interviews and how they were reported by defendant Alvarado in his search warrant affidavit that plaintiff takes issue with, when viewed in the light most favorable to him, are simply not *highly significant exculpatory* evidence.  The fact that defendant Alvarado's affidavit erroneously described the alleged victims' statements to CPD with respect to how many pictures plaintiff allegedly took of one victim, or how many times or how plaintiff allegedly touched or kissed other victims, or who said what to the police does not mean that correcting those inconsistencies would have exculpated plaintiff.  *See id.* at 820 ("We can assume here that this sort of due process claim is actually triggered by the failure to disclose evidence that is not merely material but *strongly* indicative of the plaintiff's innocence.").  Moreover, even if correcting the inconsistencies would constitute highly significant exculpatory information, here plaintiff has not alleged any facts from which it could be plausibly inferred that defendant Alvarado withheld or failed to turn over the recordings or transcripts of the interviews of the alleged victims to the prosecution.[7]

Accordingly, the motion to dismiss plaintiff's Fourteenth Amendment claims for failure to disclose exculpatory evidence brought on behalf of defendants Alvarado and Basgall will be

/////

/////

---

[7] Plaintiff also asserts in a single conclusory sentence of the TAC that defendant Alvarado's failure to turn over a recording of plaintiff's own interview with law enforcement to the prosecution or the defense "for a lengthy time" also constitutes a due process violation pursuant to the holding in *Tatum*. (TAC at ¶ 48.)  Plaintiff, however, has not alleged any facts about what was said in that interview, much less why it would have exculpated him, and he has also not alleged any facts plausibly suggesting that defendant Alvarado withheld the recording from the prosecution.

granted without further leave to amend.[8]

C.     **Municipal Liability Claim Against the City**

Next, the City moves to dismiss plaintiff's municipal liability claims brought against it on a theory of *Monell* liability, arguing that plaintiff has not sufficiently alleged facts in his TAC establishing an actionable policy, custom, or practice. (Doc. No. 40-1 at 14–18); *see also Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978).

The court has previously recited the legal standards for alleging a municipal liability claim pursuant to *Monell* and dismissed plaintiff's municipal liability claim because his reliance on an allegedly similar search warrant at issue in a different case involving CPD and the City (*Garber v. City of Clovis*, 1:09-cv-00242-AWI-DLB (E.D. Cal.)) was insufficient to provide the basis for a claim that the City had a practice or custom of failing to adequately train its officers on what information to include in search warrant applications. (*See* Doc. No. 38 at 11–14); *see also Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) ("A single constitutional deprivation ordinarily is insufficient to establish a longstanding practice or custom."). The court found that plaintiff's second amended complaint "fail[ed] to plausibly allege a municipal liability claim against the City as it contain[ed] no factual allegations to plausibly suggest a policy, custom, or practice." (*Id.* at 14.) In his opposition to defendants' motion to dismiss his second amended complaint, plaintiff had alleged that at the 2017 *Franks* evidentiary hearing in his federal criminal case, defendant Alvarado testified that he was trained to prepare search warrants in the manner that he did in plaintiff's case. (Doc. No. 28 at 20.) Because that fact was not alleged in his second amended complaint, the court did not consider it but did note that its inclusion "would lend support for a claim against the City." (Doc. No. 38 at 15 n.7.)

/////

---

[8] Although plaintiff's claim failure to disclose exculpatory evidence pursuant to *Tatum* was alleged for the first time in his TAC, since the beginning of this action in 2018, plaintiff has alleged that defendant Alvarado suppressed exculpatory evidence. (*See generally* Doc. Nos. 1, 11, 19, 39.) The allegations with respect to exculpatory evidence in the original complaint and in each amended complaint thereafter have not been sufficient to plausibly assert that exculpatory evidence was withheld. Therefore, granting plaintiff leave to amend his claim brought pursuant to *Tatum* would be futile.

12

In the TAC, plaintiff has added the following factual allegations with respect to defendant Alvarado's testimony during the *Franks* evidentiary hearing before this court:

> Alvarado testified at the *Franks* Hearing that he had worked for Clovis P.D. for 15 years; that he had authored approximately 50 other search warrants prior to the 2007 Kastis warrant; that he wasn't trained to include exculpatory information in the warrants; that he was trained to add boilerplate paragraphs in every search warrant relating to the existence of stolen property; that he had prepared child pornography search warrants before the warrant at issue in this case and had borrowed paragraphs from the child pornography search warrants to include in the Kastis search warrant; he admitted that there was no evidence, nor even a suspicion, that any pictures had been taken depicting minors in the nude in the Kastis matter and yet, admitted that he included language relating to the characteristics of people who possess sexually explicit images of children in the warrant; that the lead investigator in the department taught him that on child pornography warrants a specific paragraph needs to be included each time; and that he had written very similar warrants in the past.

(TAC at ¶ 31.) Plaintiff then points the court to the search warrant at issue in the *Garber* case, noting that

> [i]n February, 2007, Clovis P.D. Officer Abby Spencer drafted a search warrant which also allowed the seizure of computers from a suspect on grounds that child pornography would be found therein without making a claim in her affidavit that any of the images she viewed during the investigation were of minors engaged in sexually explicit conduct. [The *Garber*] lawsuit was brought against City based on the Spencer warrant . . .. Plaintiff is informed and believes the Spencer warrant contained very similar boilerplate language concerning characteristics allegedly found in people who possess images/pictures of minors engaged in sexually explicit conduct as was utilized by Alvarado in preparing the Kastis warrant.

(*Id.* at ¶ 32.)

In the pending motion to dismiss, the City argues that the court should once again find plaintiff's reliance on *Garber* to be an insufficient basis upon which to allege a practice or custom. (Doc. No. 40-1 at 15.) The City also contends that the new allegations in the TAC with respect to defendant Alvarado's *Franks* hearing testimony do not adequately demonstrate the existence of a practice or custom because plaintiff has not alleged that any of the fifty other warrants that defendant Alvarado applied for prior to applying for the warrant in plaintiff's case "contained mistakes or excluded information and resulted in a constitutional violation." (*Id.*)

/////

The City's arguments in this regard are unpersuasive. The TAC's allegations with respect to defendant Alvarado's *Franks* hearing testimony, coupled with the allegations about the flawed search warrant application in the *Garber* case, are sufficient to plausibly allege that CPD had a custom or practice of including boilerplate language in its applications for search warrants and that CPD failed to train its officers on how to properly seek a search warrant aimed at discovering child pornography. For example, defendant Alvarado testified that he was not trained to include exculpatory information or evidence that detracted from a probable cause showing in warrant affidavits and that he was trained to add boilerplate paragraphs with respect to stolen property to every search warrant application. Moreover, plaintiff alleges that the search warrant at issue in the *Garber* case contained the same boilerplate language with respect to the likelihood of discovering child pornography that defendant Alvarado included in his search warrant affidavit in plaintiff's case. Accordingly, plaintiff is not relying on *Garber* alone to establish the City's allegedly unconstitutional custom or practice; he is relying on what took place in *Garber* to corroborate defendant Alvarado's *Franks* hearing testimony that despite having no suspicion or evidence to believe that the picture that plaintiff had allegedly taken of a minor was sexual in nature, defendant Alvarado nevertheless included the boilerplate language because that is how he was trained by a lead investigator for CPD.

As one district court has thoughtfully concluded, a complaint alleging a *Monell* claim must "pair general averments of a policy or custom with particular examples." *Ulloa v. Prince George's County*, No. 15-cv-0257-DKC, 2015 WL 7878956, at *6 (D. Md. Dec. 4, 2015); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("To be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."). Plaintiff has done so here. Accordingly, the City's motion to dismiss plaintiff's municipal liability claim will be denied.

**D.    Supervisory Liability Claim Against Defendant Basgall**

Finally, defendant Basgall moves to dismiss plaintiff's supervisory liability claim. (Doc. No. 40-1 at 18.) The court previously recited the legal standards applicable to a supervisory

liability claim and dismissed plaintiff's claim, noting that the second amended complaint

> sets forth no factual allegations that, if proven, would demonstrate that defendant Basgall took any action with respect to the alleged deprivations of plaintiff's constitutional rights. The allegations supporting this claim are not based on defendant Basgall's conduct but are instead premised solely on his role as a supervisor [and] . . . allegations that a supervisor "knew or should have known" of misconduct are conclusory, and therefore not entitled to the presumption of truth.

(Doc. No. 38 at 15–17) (citations omitted). In his TAC, plaintiff has not alleged any additional facts that are sufficient to plausibly allege a supervisory liability claim against defendant Basgall. Instead, plaintiff continues to simply allege in conclusory fashion that Basgall "knew or should have known" that plaintiff's rights were being violated. (*See, e.g.*, TAC at ¶¶ 50, 66–72.) Accordingly, because the TAC contains only conclusory allegations against defendant Basgall, plaintiff's supervisory liability claim will be dismissed for the reasons stated in the court's prior order and without further leave to amend.

## CONCLUSION

For the reasons set forth above,

1. Defendants' motion to dismiss (Doc. No. 40) is granted in part and denied in part as follows:

    a. Plaintiff's Fourteenth Amendment fabrication of evidence claim against defendant Alvarado is dismissed without leave to amend;

    b. Plaintiff's Fourteenth Amendment failure to disclose exculpatory evidence claims against defendants Alvarado and Basgall are dismissed without leave to amend;

    c. Plaintiff's supervisory liability claim against defendant Basgall is dismissed without further leave to amend;

    d. Defendants' motion to dismiss is denied in all other respects;

2. This action now proceeds on plaintiff's Fourth Amendment judicial deception claim against defendant Alvarado, his Fourth Amendment unreasonable search and seizure claim against defendant Alvarado, and his municipal liability claim against

the City;

3. In accordance with Federal Rule of Civil Procedure 12(a), defendants Alvarado and the City are directed to file their answer to the remaining claims in the TAC within fourteen (14) days of the issuance of this order;

4. The Clerk of the Court is directed to administratively terminate defendants Clovis Police Department, District Attorney's Office Fresno County, U.S. Department of Justice, Department of Homeland Security, and Matt Basgall as defendants in this action; and

5. The matter is referred to the assigned magistrate judge for the setting of a scheduling conference.

IT IS SO ORDERED.

Dated: **October 29, 2020**

UNITED STATES DISTRICT JUDGE